### BOWKER et al. v. HAIGHT & FREESE CO.

(Circuit Court of Appeals, Second Circuit. April 13, 1909.)

No. 180.

CORPORATIONS (§ 548*)—INSOLVENCY AND RECEIVERS—ALLOWANCE OF ATTORNEY'S FEES.

Counsel for a creditor, who procures an adjudication of insolvency against a corporation, is entitled to compensation for services rendered in the protection of the fund, even after the appointment of receivers.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 548.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 161 Fed. 655.

William P. Maloney, for appellants.

John A. Boardman & Co. and Franklin Bien, for appellee.

James J. Henderson, for receivers.

Before COXE, WARD, and NOYES, Circuit Judges.

PER CURIAM. The special master, after a full hearing, allowed to William P. Maloney, in full for his services and disbursements as

solicitor for the complainant, the sum of $5,000. Upon exceptions to the report, the Circuit Court reduced this allowance to $3,000, upon the ground that the master had erred in two particulars: (1) In considering services rendered by Maloney to the receivers after their appointment. (2) In considering services rendered in other jurisdictions.

We think that the. Circuit Court erred in these rulings. From an examination of the record we are satisfied that Maloney rendered no services to the receivers, and was allowed nothing by the master for services of that nature. He was, however, entitled to compensation for services in the protection of the fund after the appointment of the receivers, and such compensation was embraced in the allowance made by the master. We also think that such allowance was intended to cover only services rendered in this jurisdiction, and was reasonable compensation for such services. In our opinion, the allowance made to Maloney in the master's report should have been confirmed, and not reduced.

The special master allowed $1,500 to Franklin Bien, as counsel for certain creditors. As this attorney also represented the defendant, and as his services to the estate were primarily for the benefit of his own clients, this allowance was of doubtful validity. However, as the services seem to have been of value, we have reached the conclusion that the allowance made by the master was not improper; but we see no reason why it should have been increased by the Circuit Court.

The other increases made by the Circuit Court were in the exercise of its discretion, and we see nothing in the record calling for the revision of its action.

The order is modified, by increasing the allowance to the claimant Maloney to $5,000, and by reducing the allowance to the claimant Bien to $1,500, and, as so modified, is affirmed, with costs of this court to the appellants.